UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

EVLINA WILSON,                                                :
                Plaintiff,
   v.

LITTON LOAN SERVICING, LLC;                       :
COUNTRYWIDE HOME LOANS, L.P.          : Civil Action No.: 09-2685

                Defendants.

## COMPLAINT

**A.   Jurisdiction and Venue**

1.   Jurisdiction arises under 12 U.S.C. §§ 2614-15, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1332, together with the pendent jurisdiction of the court. Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.   Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.   Parties**

3.   Plaintiff Evlina Wilson is a natural person, widowed, who resides at 620 McKean Street, Philadelphia, PA 19148 [hereinafter "the property"].

4.   Defendant COUNTRYWIDE HOME LOANS, L.P. ["Countrywide"] is a corporation with principal offices at 7105 Corporate Drive, Plano, TX 75024.

5.   Defendant Litton Loan Servicing LLC ("Litton") is a corporation with its principal offices located at 4248 Loop Central Drive, Houston, TX 77081.  At all

1

times material to this action, Litton regularly transacted business in the State of Pennsylvania.

6. Litton acquired the servicing rights to the mortgage debt disputed herein when alleged to be in default and therefore Litton is not excluded as a debt collector for purposes of the FDCPA under 15 U.S.C. §1692a(6)(F)(iii).

C. **Factual Allegations**

7. Prior to the dispute with defendants described in this complaint, Plaintiff brought suit against defendant Countrywide for violation of the Truth in Lending Act and against the originator of the loan, Savings First, for violations of the Pennsylvania Consumer Protection Law. See <u>Wilson v. Savings First Mortgage LLC</u>, USED No. 2:07-cv-01277.

8. On or about December 1, 2007, plaintiff and her co-borrower, now deceased husband Joseph Wilson, entered into a written loan modification with Defendant Countrywide which reduced the principal amount of the loan, interest rate, and the monthly payment (hereinafter "the loan modification").

9. Plaintiff has, to date, paid the modified payment in accordance with the loan modification's terms which were accepted by Countrywide.

10. Despite the foregoing, Defendant Countrywide failed to code the loan modification into its computer system.

11. Pursuant to written notice provided by Countrywide to plaintiff, Countrywide sold servicing of the loan to Defendant Litton on or about December 19,

2008.

12. Litton failed to advise plaintiff of the servicing transfer until May 13, 2009.

13. Litton's monthly statements to plaintiff reflect Litton is seeking to collect loan principal at the now incorrect interest rate and monthly payment amount which were terms effective prior to, but not after the loan modification.

14. On or about May 27, 2009, plaintiff sent to Litton a Qualified Written Request ("QWR") for accounting of the loan after explaining the loan modification and the fact that it was not implemented by either Litton or Countrywide.

15. On or about June 25, 2009, Litton replied to plaintiff's QWR that it would attempt to contact Countrywide and perform an audit of the loan.

16. Upon information and belief, Litton has never attempted to contact Countrywide regarding the subject matter of plaintiff's QWR.

17. Upon information and belief, Litton has never contacted Countrywide regarding the subject matter of plaintiff's QWR.

18. Upon information and belief, Litton has never conducted an audit of plaintiff's loan since June 25, 2009.

19. Upon information and belief, Countrywide has engaged in a pattern and practice of failing to code settlements arrived at with its borrowers, see <u>Trout v. Countrywide</u>, USED Pa. No. 09-2685.

20. As a result of Defendants' conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation and credit, and

emotional and mental pain and anguish which Plaintiff will continue to suffer for an indefinite time in the future.

## COUNT I – RESPA
### (Defendant Litton)

21. Plaintiff re-alleges all prior paragraphs as if set forth herein.

**Notice of Servicing Transfer**

22. Litton is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605.

23. Defendant Litton failed to adhere to the following provision of 12 U.S.C. §2605:

> **b) Notice by transferor of loan servicing at time of transfer**
> **(1) Notice requirement**
> Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.
> **(2) Time of notice**
> (A) In general
> Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

24. Litton failed to adhere to the foregoing provision of RESPA having waited six months after the transfer took effect before notifying plaintiff.

**Failure to Reasonably Investigate and Respond to QWR**

25. After receiving plaintiff's May 27, 2009 QWR, for information about, and corrections to, her mortgage account, Litton, as servicer of her loan, was required by §2605e(2)(B) to conduct a reasonable investigation of and consequent explanation

of its investigation into plaintiff's dispute of Litton's accounting.

26. Litton failed to adhere to its promise to investigate the loan modification issue in its June, 2009 letter to plaintiff or otherwise conduct an investigation into the accounting of plaintiff's loan that was reasonable.

27. Litton's grossly inadequate investigation into plaintiff's accounting dispute violates RESPA, §2605(e)(2)(B).

## COUNT II – Violations of the FDCPA
### (Defendant Litton)

28. Plaintiffs re-allege all prior paragraphs as if set forth herein.

29. At all times relevant hereto Defendant Litton by its actions described above was attempting to collect an alleged debt incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. Defendant Litton, by their conduct as described above, violated the FDCPA as follows:

   (a) 1692e, by their alleging that the loan modification was not effective after being given notice of it and payments accepted thereunder made false, deceptive, or misleading representations in connection with the debt collection by its written communications to plaintiff misstating the principal, monthly payment, and interest owed on the debt;

   (b) 1692f engaged in unfair and unconscionable collection practices by its aforesaid acts.

   (c) 1692f(1) Attempted to collect an amount not authorized by the

agreement creating the debt or permitted by law.

## COUNT III – BREACH OF CONTRACT
### (Defendant Countrywide)

31. Plaintiff re-alleges all prior paragraphs as if set forth herein.

32. Defendant Countrywide agreed to a loan modification with plaintiffs as described aforesaid.

33. Defendant Countrywide failed to code the loan modification into its computer system thereby prompting its mortgage servicing software to carry the delinquent mortgage amount, record the modified payments as inadequate to cure the delinquency and thereby deem plaintiffs' account as in default such that Act 91 notices were automatically generated to plaintiffs.

34. By its aforesaid actions, Countrywide breached its contractual obligations to the Plaintiff by failing to honor the loan modification agreement.

35. Plaintiff was also entitled to an implied covenant of good faith and fair dealing in performance of Countrywide's contractual obligations as concerns accounting for plaintiff's monthly payments under the loan modification agreement.

36. Defendant breached this covenant by unfairly and in bad faith not accounting for plaintiff's payments under the terms of the loan modification agreement.

37. As a result of Defendant's breach, plaintiff has experienced continued damage to her credit standing and accumulations of interest and penalties assessed under the original loan agreement.

## PRAYER FOR RELIEF

Plaintiffs respectfully pray that judgment be entered against the Defendants for the following:

A. Declare that Defendant Litton is in breach of RESPA for not properly accounting for and applying plaintiff's mortgage payments;

B. Declare that the Defendant Countrywide is in breach of the loan modification contract.

C. Statutory damages under RESPA against Litton of $1,000 as a result of a pattern or practice of non-compliance with RESPA;

D. Award reasonable attorney's fees and litigation expenses, plus costs of suit, pursuant to 12 U.S.C. § 2605(f)

E. As a result of the violations of the FDCPA by Litton, statutory damages pursuant to 15 U.S.C. § 1692k as well as actual damages for emotional distress and reasonable attorney fees and costs.

F. Such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: <u>Nov. 3, 2009</u>

<u>RC935</u>
ROBERT P. COCCO, P.C.
Attorney for Plaintiff
By: Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200